IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ADRIAN MICHAEL LARK, § | |
| § | |
| Plaintiff, § | |
| § | |
| V. § | CIVIL ACTION NO. H-18-543 |
| § | |
| ANDREW SAUL[1], § | |
| COMMISSIONER OF THE SOCIAL § | |
| SECURITY ADMINISTRATION, § | |
| § | |
| Defendant. § | |

## **MEMORANDUM AND ORDER**

Before the Magistrate Judge[2] in this social security appeal is Defendant's Motion for Summary Judgment and Brief in Support (Document No. 20), and Memorandum in Support (Document No. 21), and Plaintiff's Responses (Document No. 22 & 23). After considering the motion for summary judgment, the responses, the administrative record, and the applicable law, the Magistrate Judge ORDERS, for the reasons set forth below, that Defendant's Motion for Summary Judgment (Document No. 20) is DENIED, and the decision of the Commissioner is REMANDED for further proceedings.

**I. Introduction**

Plaintiff, Adrian Michael Lark, ("Lark") brings this action pursuant to the Social Security Act

---

[1] On June 17, 2019, Andrew Saul became the Commissioner of the Social Security Administration.

[2] The parties consented to proceed before the undersigned Magistrate Judge on November 7, 2018. (Document No. 17).

("Act"), 42 U.S.C. 405(g), seeking judicial review of a final decision of the Commissioner of Social Security Administration ("Commissioner") denying his applications for disability insurance benefits ("DIB"), and supplemental security income ("SSI"). Lark argues that substantial evidence does not support the Administrative Law Judge's ("ALJ") decision, and the ALJ, William Sharp, committed errors of law when he found that Lark was not disabled. According to Lark, the ALJ, the ALJ erred with respect to his consideration of the disability determination made by the Veterans Administration ("VA"), and that the ALJ improperly rejected medical opinion evidence from his various treating physicians at the VA. Lark seeks an order reversing the ALJ's decision and awarding benefits, or in the alternative, remanding his claim for further consideration. The Commissioner argues that there is substantial evidence in the record to support the ALJ's decision that Lark was not disabled, that the decision comports with applicable law, and that the decision should, therefore, be affirmed.

## II. Administrative Proceedings

Lark filed for DIB and SSI on February 14, 2014, claiming he has been disabled since June 12, 2007. (Tr. 291-301, 313-314). The Social Security Administration denied his applications at the initial and reconsideration stages. (Tr.183-240, 249-256, 264-266 ). Thereafter, Lark requested a hearing before an ALJ. (Tr. 270-271). The Social Security Administration granted his request, and the ALJ held a hearing on November 5, 2015. (Tr. 142-182). On December 23, 2015, the ALJ issued a decision finding that Lark was not disabled. (125-136).

Lark sought review by the Appeals Council of the ALJ's adverse decision. The Appeals Council will grant a request to review an ALJ's decision if any of the following circumstances are present: (1) it appears that the ALJ abused his discretion; (2) the ALJ made an error of law in reaching his conclusion; (3) substantial evidence does not support the ALJ's actions, findings, or

conclusions; (4) a broad policy issue may affect the public interest or (5) there is new and material evidence and the decision is contrary to the weight of all the record evidence. The Appeals Council, on March 30, 2017, after reviewing Lark's submitted evidence (Tr. 7-74, 77-121) concluded that there was no basis upon which to grant Lark's request for review. (Tr. 1-6). The ALJ's findings and decision thus became final. Lark has timely filed his appeal of the ALJ's decision. The Commissioner has filed a Motion for Summary Judgment (Document No. 20). Plaintiff has responded to the Motion. (Document Nos. 22 & 23). This appeal is now ripe for ruling.

The evidence is set forth in the transcript, pages 1 through 2033. (Document Nos. 12 & 13). There is no dispute as to the facts contained therein.

### III. Standard for Review of Agency Decision

The court, in its review of a denial of disability benefits, is only "to [determine] (1) whether substantial evidence supports the Commissioner's decision, and (2) whether the Commissioner's decision comports with relevant legal standards." *Jones v. Apfel*, 174 F.3d 692, 693 (5th Cir. 1999). Indeed, Title 42, Section 405(g) limits judicial review of the Commissioner's decision as follows: "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The Act specifically grants the district court the power to enter judgment, upon the pleadings, and transcript, "affirming, modifying, or reversing the decision of the Commissioner of Social Security with or without remanding the case for a rehearing" when not supported by substantial evidence. *Id.* While it is incumbent upon the court to examine the record in its entirety to decide whether the decision is supportable, *Simmons v. Harris*, 602 F.2d 1233, 1236 (5th Cir. 1979), the court may not "reweigh the evidence in the record nor try the issues de novo, nor substitute its judgment" for that of the Commissioner even if the evidence

3

preponderates against the Commissioner's decision. *Chaparo v. Bowen*, 815 F.2d 1008, 1009 (5th Cir. 1987); *see also Jones* at 693; *Cook v. Heckler*, 750 F.2d 391, 392 (5th Cir. 1985). Conflicts in the evidence are for the Commissioner to resolve. *Anthony v. Sullivan*, 954 F.2d 289, 295 (5th Cir. 1992).

The United States Supreme Court has defined "substantial evidence," as used in the Act, to be "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)). Substantial evidence is "more than a scintilla and less than a preponderance." *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993). The evidence must create more than "a suspicion of the existence of the fact to be established, but no 'substantial evidence' will be found only where there is a 'conspicuous absence of credible choices' or 'no contrary medical evidence.'" *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983) (quoting *Hemphill v. Weinberger*, 483 F.2d 1127 (5th Cir. 1973)).

**IV. Burden of Proof**

An individual claiming entitlement to disability insurance benefits under the Act has the burden of proving his disability. *Johnson v. Bowen*, 864 F.2d 340, 344 (5th Cir. 1988). The Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). The impairment must be proven through medically accepted clinical and laboratory diagnostic techniques. *Id.* § 423(d)(3). The impairment must be so severe as to limit the claimant in the following manner:

4

he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

*Id.* § 423(d)(2)(A). The mere presence of an impairment is not enough to establish that one is suffering from a disability. Rather, a claimant is disabled only if he is "incapable of engaging in any substantial gainful activity." *Anthony v. Sullivan*, 954 F.2d 289, 293 (5th Cir. 1992) (quoting *Milan v. Bowen*, 782 F.2d 1284 (5th Cir. 1986)).

The Commissioner applies a five-step sequential process to determine disability status:

1. If the claimant is presently working, a finding of "not disabled" must be made;

2. If the claimant does not have a "severe" impairment or combination of impairments, he will not be found disabled;

3. If the claimant has an impairment that meets or equals an impairment listed in Appendix 1 of the Regulations, disability is presumed and benefits are awarded;

4. If the claimant is capable of performing past relevant work, a finding of "not disabled" must be made; and

5. If the claimant's impairment prevents him from doing any other substantial gainful activity, taking into consideration his age, education, past work experience, and residual functional capacity, he will be found disabled.

*Id.*, 954 F.2d at 293; *see also Leggett v. Chater*, 67 F.3d 558, 563 n.2 (5th Cir. 1995); *Wren v. Sullivan*, 925 F.2d 123, 125 (5th Cir. 1991). Under this formula, the claimant bears the burden of proof on the first four steps of the analysis to establish that a disability exists. If successful, the burden shifts to the Commissioner, at step five, to show that the claimant can perform other work. *McQueen v. Apfel*, 168 F.3d 152, 154 (5th Cir. 1999). Once the Commissioner demonstrates that other jobs are available, the burden shifts, again, to the claimant to rebut this finding. *Selders v.*

*Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990). If, at any step in the process, the Commissioner determines that the claimant is or is not disabled, the evaluation ends. *Leggett*, 67 F.3d at 563.

In the instant action, the ALJ determined, in his December 23, 2015, decision that Lark was not disabled. In particular, the ALJ determined that Lark had not engaged in substantial gainful activity since June 12, 2007, his alleged onset date; (step one); that Lark's degenerative joint disease, degenerative disc disease, chronic pain syndrome, depressive disorder, not otherwise specified (NOS), and anxiety disorder were severe impairments, and that hypertension, hyperlipidemia, gastroesophageal reflux disease without complication, and chronic kidney disease by history were non-severe impairments (step two); that Lark does not have an impairment or combination of impairments that met or medically equaled one of the listed impairments (step three); that based on the record, Lark has the RFC to perform a limited range of light work. The ALJ found that Lark could to the following:

> Specifically, the claimant can lift, carry, push, and pull 20 pounds occasionally and 10 pounds frequently, can stand and walk 4 out of 8 hours in a workday and sit 6 hours in a workday. The claimant can occasionally perform all postural movements except he is limited to no climbing of ropes, ladders, and scaffolds, and can only occasionally reach overhead with the left arm. The claimant is limited to understanding, remembering, and carrying out detailed but not complex instructions. (Tr. 131-132).

The ALJ, at step four, found that Lark had no past relevant work. At step five, based on Lark's age (43), high school education, ability to communicate in English, RFC, and the testimony of a vocational expert, the ALJ found that there are jobs, which exist in significant numbers in the national and regional economy, that Lark is capable of performing such as a toll collector, a cashier, and an officer helper, and was not disabled within the meaning of the Act.

In determining whether substantial evidence supports the ALJ's decision, the court weighs

four factors: (1) the objective medical facts; (2) the diagnosis and expert opinions of treating, examining and consultative physicians on subsidiary questions of fact; (3) subjective evidence as testified to by the plaintiff and corroborated by family and neighbors; and (4) the plaintiff's educational background, work history, and present age. *Wren*, 925 F.2d at 126.

## V. Discussion

Lark argues that the ALJ erred by failing to consider the VA's non-service connected disability pension. The Magistrate Judge agrees. "A VA rating of total and permanent disability is not legally binding on the Commissioner because the criteria applied by the two agencies is different, but it is evidence that is entitled to a certain amount of weight and must be considered by the ALJ." *Chambliss v. Massanari*, 269 F.3d 520, 522 (5th Cir. 2001)(citations omitted); *Garcia v. Berryhill*, 880 F.3d 700, 705 (5th Cir. 2018); *see also* SSR 06-03p, 2006 WL 2329939 at *6 (S.S.A. Aug. 9, 2006)("[Evidence of disability decision by another governmental or nongovernmental agency cannot be ignored and must be considered.").[3] "The weight assigned to such a determination will 'vary depending upon the factual circumstances of each case.'" *Garcia*, 880 F.3d at 705 (quoting from *Chambliss*). *Chambliss* makes clear that an ALJ need not give great weight to a VA disability determination but in doing so, the ALJ must give *specific reasons* for not doing so. *Chambliss*, 269 F.3d at 522.(emphasis added). Simply put: merely mentioning that the VA's disability determination is not binding on the Commissioner is not sufficient, in and of itself, to meet this requirement. *Chambliss*, 269 F.3d at 522-23. "Although there is no bright-line rule . . . setting forth what level

---

[3] As of March 27, 2017, the Social Security Regulations eliminate the requirement that the ALJ consider the disability decisions of other entities. *see Revisions to Rules Regarding the Evaluation of Medical Evidence*, 82 Fed. Reg. 5,8444-01 (Jan. 18, 2017)(2017 WL 168819). Because Lark filed his claims on February 14, 2014, the revised regulations do not apply.

of explanation or discussion of valid reasons is necessary to be considered adequate some level of explanation or discussion of valid reasons is necessary to be considered adequate, some level of discussion and/or scrutiny of the VA disability determination is required." *Harris-Nutall v. Colvin*, No. 3:15-CV-3334-D, 2016 WL 3906083, at *7 (N.D. Tex. July 19, 2016). Failure by the ALJ to consider the VA's disability rating, and give it the amount of weight appropriate under the circumstances and to give reasons supporting this determination, is reversible error. *see Frank v. Saul*, No. 4:18-CV-755, 2019 WL 3457604, at *4 (S.D.Tex. July 31, 2019); *Stacy G.D. v. Berryhill*, No. 3:18-H-CV-204-BH, 2019 WL 1315890, at *10 (N.D. Tex. Mar. 22, 2019); *Ayala v. Berryhill*, No. 4:17-CV-783-O-BP, 2018 WL 1470626, at *5 (N.D.Tex. Mar. 8, 2018)("Harmless error analysis does not apply to an ALJ's failure to consider and weigh the VA's disability rating."), *report and recommendation adopted*, 2018 WL 1457246 (N.D. Tex. Mar. 23, 2018); *Rasco v. Berryhill*, No. 4:17-CV-946, 2018 WL 587948, at *4 (S.D. Tex. Jan. 5, 2018), *report and recommendation adopted*, 2018 WL 560400 (S.D.Tex. Jan. 25, 2018) ("If the ALJ fails to consider the disability rating and explain her reasons for discounting it, she has failed to apply the proper legal standard and committed reversible error.").

With respect the Lark's VA disability determination, the ALJ wrote, in pertinent part:

> The undersigned notes that the claimant receives a non-service connected disability pension from the Veterans Administration (Hearing Testimony and Exhibits 8F and 10F). A decision by a governmental agency other than SSA, or by a nongovernmental agency, about whether an individual is disabled is based on that's agency's rules (20 CFR 404.1504, 416.904). It is not an SSA decision, based on SSA policy, about whether the individual is disabled; the use of other rules and standards may limit the relevance of that agency's determination to SSA. Thus, the Veterans Administration finding of disability is not binding on the undersigned. (Tr. 135).

While, the ALJ noted that the VA had made a disability determination, and that VA determinations

are not binding on the Commissioner, other than this cursory, boilerplate language, the ALJ failed to give Lark's VA disability rating, *any* meaningful consideration or to provide *any* reasons for discounting it. Because the ALJ failed to actually weigh and consider the VA disability rating, he committed legal error and the matter must be remanded for further development of the record.

**V. Conclusion**

Based on the foregoing, and the conclusion that the ALJ erred by failing to consider Lark's Veterans Affairs disability determination, further development of the record is necessary, the Magistrate Judge

ORDERS that Defendant's Motion for Summary Judgment (Document No. 20), is DENIED, and that this case is REMANDED to the Social Security Administration pursuant to Sentence four of 42 U.S.C. §405(g), for further proceedings consistent with this Memorandum and Order

Signed at Houston, Texas, this 16th day of September, 2019

FRANCES H. STACY
UNITED STATES MAGISTRATE JUDGE